IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, § § Plaintiff, § § v. § JOHN DOE, subscriber assigned IP § address 71.59.3.125, § § Defendant. § | CONSOLIDATED CASE NO. 1:23-cv-02096-SDG |
| JOHN DOE, subscriber assigned IP § address 104.190.216.29, § | Civil Case No. 1:23-cv-05876-SDG |

**PLAINTIFF'S SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT**

Plaintiff Strike 3 Holdings, LLC ("Plaintiff"), by and through its counsel of record, and pursuant to Fed. R. Civ. P. 55, hereby submits its Memorandum of Points and Authorities in Support of its Motion for Default Judgment filed contemporaneously herewith against defendant Adrian Salomon ("Defendant").

## I.   INTRODUCTION

Plaintiff seeks default judgment against Defendant for failure to plead or otherwise defend against Plaintiff's First Amended Complaint requesting relief for copyright infringement of Plaintiff's motion pictures listed by copyright registration number in and attached to the Complaint as Exhibit A.  ECF Nos. 5-6. Defendant,

having been properly served with a summons and notified of this litigation, has failed to appear or respond to Plaintiff's Complaint. As a result, Plaintiff now seeks default judgment by this Court awarding: (1) injunctive relief and whatever other equitable relief this Court deems just and appropriate; and (2) statutory damages under the Copyright Act.

## II.    BACKGROUND

On December 20, 2023, Plaintiff filed its Complaint in this action. Since the subscriber's identity was initially unknown, Plaintiff moved for an order allowing it to serve a third-party subpoena so that it could obtain the name and address of the subscriber assigned IP address 104.190.216.29 from the Internet Service Provider ("ISP"). The Court granted this motion and pursuant to the issuance of a third-party subpoena, the ISP disclosed the subscriber's true identity to Plaintiff. *See* Declaration of Richard A. Rice, Jr. ("Rice Decl.") filed concurrently herewith. Plaintiff determined that Defendant was the infringer. *Id.* at ¶ 3. On April 23, 2024, Plaintiff filed its unredacted First Amended Complaint under seal, which identified Defendant as the "JOHN DOE, subscriber assigned IP address 104.190.216.29." *Id.* at ¶ 4; Exhibit A to Rice Decl.

On May 6, 2024, Defendant, was personally served with a copy of the Summons and First Amended Complaint. Defendant failed to plead or otherwise defend against Plaintiff's Complaint. On May 20, 2024, the Return of Service from

the process server was filed with the Court. *Id.* at ¶ 5; Exhibit B to Rice Decl. The First Amended Complaint and Return of Service were unsealed on June 10, 2024, pursuant to the Court's order. On September 17, 2024, the Clerks' Entry of Default was entered on the docket. *Id.* at ¶ 7; Exhibit C to Rice Decl. Defendant still failed to respond or otherwise participate in this lawsuit. The Defendant is not a minor, incompetent person, or in active military service. *Id.* at ¶ 8.

## III. DISCUSSION

### A. The Court has Jurisdiction over Defendant and Service of Process was Proper

Prior to entering a default judgment, the Court must ensure that: (1) it possesses personal jurisdiction over the defaulting party; (2) it possesses subject-matter jurisdiction over each of the claims; (3) the action is in the proper venue; and, (4) the defaulting party received proper service of process.

A default judgment is only valid when a court has personal jurisdiction over the defendant. *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999). Thus, when entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties. *Gilmore v. Account Management, Inc.*, No. 08-1388, 2009 WL 2848278, at *2 (N.D. Ga. April 27, 2009) (quotations and citations omitted); *Garden World Images Ltd. v. WilsonBrosGardens.com LLC.*, No. 19-

01035, 2019 WL 8017802, at *2 (N.D. Ga. Oct. 31, 2019).  A court must also ensure that the defendant was served.  *Uzomba v. United States*, No. 19-302, 2019 WL 13212708, *1 (N.D. Ga. Oct. 16, 2019) (citing *Thomas V. Bank of Am., N.A.,* 557 F. App'x 873, 875 (11th Cir. 2014).

Federal courts have subject matter jurisdiction over any civil actions that involve a question of federal law, or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  A court possesses personal jurisdiction over a defendant who has sufficient minimum contacts with the forum state, who is subject to the personal jurisdiction of the courts of the forum state, and who has received effective service of process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945); Fed. R. Civ. P. 4(k)(1)(A).  Here, the Court has jurisdiction as to both.  Moreover, service of process was properly effectuated in this matter.

### 1. Subject Matter Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

### 2. Personal Jurisdiction

This Court has personal jurisdiction over Defendant because Defendant resides within this District.  Indeed, Defendant is an individual residing at 2612 Dreux Ct. NW in Kennesaw, Georgia.

### 3. Service of Process

Service of process was proper. Plaintiff personally served Defendant with a Summons and First Amended Complaint on May 6, 2024. Rice Decl., at ¶ 5; Exhibit B to Rice Decl. Moreover, the Defendant is not a minor or incompetent person. Rice Decl., at ¶ 8. Because no exemption to personal service applies to this litigation, service under Fed. R. Civ. P. 4(e) was proper.

### B.    Legal Standard for Default Judgment

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)–(b). "[A] defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.... The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir.2005) (holding that the defendant, even though in default, is still entitled to contest the sufficiency of the complaint and its allegations to support the

---

[1]    In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

judgment being sought). Accordingly, a court must ascertain whether the allegations in the First Amended Complaint – and the reasonable inferences derived therefrom – state a claim for relief. Whether to grant a motion for default judgment is within the trial court's discretion. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985); *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985), *cert denied*, 475 U.S. 1096 (1986) ("The entry of default judgment is committed to the discretion of the district court…").

Once a court concludes that default judgment is warranted, the court next turn to the question of relief. As a general rule, the court may enter a default judgement awarding damages without a hearing if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits. *Adolph Coors,* 777 F.2d 1543-44. The decision whether to call for a hearing before awarding damages in a default judgment rests in the district court's discretion. Fed. R. Civ. P. 55(b)(2) ( "If ... it is necessary to ... determine the amount of damages ..., the court may conduct such hearings or order such references as it deems necessary and proper."); *Pope v. United States*, 323 U.S. 1, 12, 65 S.Ct. 16, 22, 89 L.Ed. 3 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount of which the plaintiff is lawfully entitled to recover and to give judgment accordingly."); *DirecTV, Inc. v. Huynh*, 318 F.Supp.2d 1122,

1129 (M.D. Ala. 2004) (hearing not necessary to calculate statutory damages); *DIRECTV, Inc. v. Griffin,* 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003) (same).

### 1. Plaintiff's Default Judgment is Procedurally Warranted

Because Defendant did not file a responsive pleading or otherwise respond to the Complaint, there are no material facts in dispute. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Cotton,* 402 F.3d at 1278) ("a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact…"); *Garden World Images,* 2019 WL 8017802, at *1 (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)) *(*"A default is not an admission of liability, but it is an admission as to the well-pleaded facts in the complaint, and the defendant may not challenge those facts on appeal.").

The failure by Defendant to appear and respond has ground the adversary process to a halt, prejudicing Plaintiff's ability to pursue and obtain its requested relief thus warranting default judgment. *See, e.g., Virgin Records America, Inc. v. Lacey*, 510 F.Supp.2d 588, 591 (S.D. Ala. 2007) (while modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party) (internal quotations and

citations omitted); *Walsh v. Heavenly Hands Home Healthcare, LLC*, No. 22-237, 2022 WL 18777533, at *5 (E.D. Va. Sept. 1, 2022) (granting default judgment because "the adversary process [was] halted because of an essentially unresponsive party."). The grounds for default are also established: Defendant was properly served and has failed to appear and participate at all, much less timely file a responsive pleading. Defendant was personally served with the Summons and First Amended Complaint on May 6, 2024. Rice Decl., at ¶ 5. On May 20, 2024, the Return of Service from the process server was filed with the Court. *Id.* On September 17, 2024, the Clerks' Entry of Default was entered on the docket. *Id.* at ¶ 7. The Defendant still failed to appear or respond. Thus, Plaintiff's default judgment is procedurally warranted.

## 2. Default judgment is proper as Plaintiff's First Amended Complaint Alleges a Right to Relief for Copyright Infringement

Before entering a default judgment for damages, the Court must ensure that a plaintiff's complaint states a plausible claim for relief, *Cotton,* 402 F.3d at 1278, because a defendant in default is "deemed to admit the plaintiff's well-pleaded allegations of fact but should not admit facts that are not well-pleaded or conclusions of law." *Gilmore v. Account Mgmt., Inc.*, No. 08-1388, 2009 WL 2848278, at *4 (N.D. Ga. Apr. 27, 2009) (internal quotations and citations omitted), *adopted in part by* No. 08–1388, 2009 WL 2848249 (N.D. Ga. Aug.31, 2009).

Plaintiff's First Amended Complaint asserts a single claim for copyright infringement under 17 U.S.C. § 106. To prevail on a claim of copyright infringement under the Copyright Act of 1976, a plaintiff must establish "(1) ownership of a valid copyright, and (2) copying [by the defendant] of constituent elements of the work that are original." *Singleton v. Dean*, 711 Fed. Appx. 671, 672 (11th Cir. 2015); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994); *Feist Publications, Inc. v. Rural Telephone Svc. Co.*, 499 U.S. 340, 361 (1991). In a judicial proceeding, "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (quoting 17 U.S.C. § 410(c)). To satisfy the second element, the plaintiff must establish that the "alleged infringer actually copied plaintiff's copyrighted material." *Id.*

The First Amended Complaint alleges that Plaintiff has registered with the U.S. Copyright Office all 130 Works involved in this litigation. Exhibit A to Rice Decl. Additionally, Plaintiff alleged that Defendant violated Plaintiff's exclusive right to reproduce and distribute copies of the works when Defendant willfully copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol. *Id.* These allegations are taken as true where Defendant has failed to respond to them. *Cotton,* 402 F.3d at 1278; *Nishimatsu,* 515 F.2d at 1206

("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). And, the allegations are in fact, conceded to by Defendant. *Chen v. Jenna Lane, Inc.*, 30 F.Supp.2d 622, 623 (S.D.N.Y. 1998).

Notably, not only has this Court granted Plaintiff's earlier Motion for Leave, which demonstrates *inter alia* the sufficiency of Plaintiff's claim for copyright infringement, but courts have previously accepted similar claims in default judgment actions. *Strike 3 Holdings, LLC v. Doe*, No. 21-1310, 2022 WL 19573110 (E.D. Va. Oct. 19, 2022); *ME2 Productions, Inc. v. Ahmed*, 289 F.Supp.3d 760, 763 (W.D. Va. 2018) (court concluding that plaintiff had established both elements for purposes of default judgment – "Plaintiff has alleged that it owned a valid copyright, and that the copyrighted material was copied and distributed from the defendants' IP addresses using BitTorrent."); *LHF Prods., Inc. v. Belgrave*, No. 16-2114, 2017 WL 9250295, at *2 (E.D.N.Y. Dec. 11, 2017) ("Accepting these allegations as true, Defendants' unauthorized use of Plaintiff's copyrighted original Motion Picture constitutes copying."); *Malibu Media, LLC v. Ofiesh*, No. 16-202 (FJS)(DEP), 2017 WL 2633526, at *2 (N.D.N.Y. June 19, 2017) ("Having reviewed Plaintiff's amended complaint and having found that Plaintiff's well-pleaded allegations support its claims that Defendant infringed its 61 copyrights at issue, the Court awards Plaintiff $45,750.00 in statutory damages pursuant to 17 U.S.C. § 504(c)(1)."); *Plastic the Movie Ltd. v. Kinfu*, No. 15-1634, 2015 WL 6750832, at *2

(E.D. Pa. Nov. 5, 2015) ("As an entry of default accepts plaintiff's well-pled allegations that defendant downloaded, copied and distributed its copyrighted work through a peer-to-peer file sharing system without plaintiff's authorization, I find that plaintiff has established a claim under the Copyright Act."). Accordingly, Plaintiff's substantive claim is meritorious, and Plaintiff's complaint is sufficient.

### 3. Plaintiff is Entitled to Its Requested Relief

#### a) Damages

When assessing default judgment damages, the court "has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Courts may enter such awards without holding an evidentiary hearing, but only if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors,* 777 F.2d at 1543–44 (internal quotations and citation omitted). Here, no hearing is necessary as Plaintiff's requested damages are capable of mathematical calculation.

The Copyright Act states that, "an infringer of copyright is liable for . . . statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). Subsection (c) goes on to state that Plaintiff may recover "with respect to any one work, for which any one infringer is liable individually, . . . in a sum of not less than $750 or more than $30,000" and, if that "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not

more than $150,000." *Id.* §§ 504(c)(1)–(2).  "Courts have found statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is uniquely within the defaulting infringers' control." *Hawaiiweb, Inc. v. Experience Hawaii, Inc.*, No. 16-0405, 2017 WL 382617, * (N.D. Ga. Jan. 27, 2017) (citing *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio 2007)) (collecting cases).

In this case, despite the fact that it would be entirely appropriate for Plaintiff to seek a high statutory damages amount based on the Defendant's willful infringement, Plaintiff seeks the minimum statutory damages for each work infringed pursuant to 17 U.S.C. § 504, which allows this Court to determine Plaintiff's damages with reasonable certainty based on this motion and related exhibits.  Defendant infringed 130 of Plaintiff's Works, which therefore equates to $97,500.  Thus, the recovery sought has been reduced to the absolute minimum and is reasonable.

### b) Permanent Injunctive Relief is Warranted

Under section 502(a), a court may grant a permanent injunction on terms it finds reasonable to prevent or restrain copyright infringement.  17 U.S.C. § 502(a); *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F.Supp.2d 1310, 1314 (S.D. Fla. 2003) (injunctions are regularly issued pursuant to the mandate of Section 502 because of the public interest in copy protections); *see Atlantic Recording Corp. v.*

*Carter*, 508 F.Supp.2d 1019, 1026 (S.D. Ala. 2007) (citing cases regarding courts traditionally granting permanent injunctions in infringement cases due the continuing threat of infringement). Past copyright infringement and substantial likelihood of future infringements normally entitle the copyright holder to a permanent injunction. *Pac. & S. Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984). Moreover, a court may grant a permanent injunction on a motion for default judgment. *Estate of Marilyn Monroe LLC v. 3D Home*, No. 21-2214, 2022 WL 1715963, * (N.D. Ga. March 22, 2022); *Sony Music Entertainment, Inc. v. Global Arts Prod.*, 45 F.Supp.2d 1345, 1347 (S.D. Fla.1999) (entering permanent injunction against copyright infringer on default judgment). Courts generally grant permanent injunctions whereas here liability has been established and there is a threat of continuing infringement. *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F.Supp.2d 1213, 1223 (S.D. Fla. 2004); *see Nutrivida, Inc. v. Inmuno Vital, Inc.*, 46 F.Supp.2d 1310, 1319 (S.D. Fla.1998) (granting permanent injunctive relief "in order to reduce the threat that Nutrivida will resume its infringing activities."). And, courts have routinely issued injunctive relief as part of a default judgment where, as here, an online media distribution system was used to download and distribute copyrighted works without permission. *ME2 Prods., Inc. v. Fox*, No. 17-00057, 2018 WL 1470251, at *1 (E.D. Va. Mar. 26, 2018); *see, e.g., Warner Bros. Records, Inc., v. Novak*, 2007 WL 1381748, at *2-3 (D. N.J. 2007) (holding that a permanent

injunction enjoining defendants from infringing on plaintiffs' copyrighted sound recordings "is appropriate and reasonable given [d]efendant's continuing infringement on [p]laintiff's sound recordings, and [d]efendant's failure to respond"); *Axact (PVT), Ltd. v. Student Network Resources, Inc.*, 2008 WL 4754907, at *3 (D.N.J. 2008) (granting injunctive relief to defendants on default judgment of copyright infringement claims of academic works and term papers).

Permanent injunctive relief is appropriate when a plaintiff shows: (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *Angel Flight of Ga., Inc. v. Angel Flight of Am., Inc.*, 522 F.3d 1200, 1208–09 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 1839 (2006)). "As in numerous other BitTorrent cases . . . the four elements are established here." *Dallas Buyers Club, LLC v. Bui*, No. 14-1926 (RAJ), 2016 WL 1242089, at *3 (W.D. Wash. Mar. 30, 2016) (citation omitted).

In copyright cases, irreparable harm is presumed on a showing of a reasonable likelihood of success on the merits. *E.g., Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1109 (9th Cir. 1998). Plaintiffs "need not show irreparable harm, as the default against Defendants satisfies the element of success on the merits." *Sony Music Entertainment, Inc. v. Global Arts Prod.*, 45 F.Supp.2d 1345, 1347 (S.D. Fla. 1999). Nevertheless, with respect to the first factor of "irreparable injury, Plaintiff

alleged that BitTorrent allows many users to exchange small bits of a digital media file and then reassemble these bits to open and use the file.  Exhibit A to Rice Decl.  Absent an injunction, Defendant will continue to work with innumerous other users to continue his BitTorrent infringement and illegal distribution unabated in exponential fashion.  Such global and continuous infringement will irreparably harm Plaintiff and erodes the value of Plaintiff's registered copyrights and damage Plaintiff's reputation.  Indeed, there is no evidence that Defendant has stopped infringing Plaintiff's works or that, absent an injunction, Defendant will stop.  Defendant's failure to respond to Plaintiff's allegations or otherwise litigate any defense in this case suggests that Defendant does not take seriously the illegality of his infringing activity.  Thus, without an injunction, Plaintiff's copyrighted Recordings works would remain vulnerable to continued, repeated infringement.

There is also no way for Plaintiff to know with whom specifically Defendant continues to distribute Plaintiff's copyrighted motion pictures, which limits Plaintiff's scope of liability to just the individual Defendant. *Microsoft Corp. v. Big Boy Distribution LLC*, 589 F.Supp.2d 1308, 1321 (S.D. Fla. 2008) ("Generally, a showing of copyright infringement liability and threat of future violations is sufficient to warrant entry of a permanent injunction.").  To that end, monetary relief is inadequate because the scope of the damage is so far-reaching and is ongoing.  Indeed, no amount of money can compensate Plaintiff for the ongoing worldwide

distribution of its copyrighted works through the BitTorrent swarms that Defendant joined and the difficulty associated with tracing the origin of the files shared on BitTorrent network back to the Defendant. *See Cobbler Nevada, LLC v. Inglesias*, No. 15-CV-05313-EDL, 2016 WL 8453643, at *3 (N.D. Cal. Dec. 16, 2016), *report and recommendation adopted*, No. 15-CV-5313 CRB, 2017 WL 878039 (N.D. Cal. Mar. 6, 2017) (citation omitted) ("Defendant's failure to respond to the suit, alongside Plaintiff's pleadings, suggests that Defendant's infringing activities will not cease absent judicial intervention.").

Third, Defendant will suffer no hardship by way of a permanent injunction since Defendant never had permission or a right to distribute and copy Plaintiff's Works. *See Estate of Marilyn Monroe,* 2022 WL 1715963 at * 3 (infringing defendant faces no hardship if they are prohibited from distributing unauthorized copies of plaintiff's products). In fact, Defendant will merely be required to comply with the law and forego the benefit of any unlawfully obtained copies of Plaintiff's Works. On the other hand, Plaintiff's hardship absence an injunction is significant. Specifically, Plaintiff risks having more of its motion pictures distributed over the BitTorrent network wherein additional peers download and distribute Plaintiff's motion pictures to additional peers who subsequently join the swarms. "[A]ny injury to [Defendant] caused by the . . . injunction would be a result of [Defendant] ceasing the allegedly infringing conduct." *Medias & Co., Inc. v. Ty, Inc.*, 106 F.Supp.2d

1132, 1140 (D. Colo. 2000). Consequently, "this merits little equitable consideration." *Id.*

Finally, enjoining Defendant from downloading and distributing the Works would not disserve the public interest because Plaintiff's Congressional right to have and enforce its copyrights far outweighs Defendant's illegal acts. Here, "[i]t is easy to understand that the public interest reflected in the Constitutional protection of copyright, and the congressional enactment of the Copyright Act, is enhanced by issuance of a permanent injunction where copyright infringement has taken place." *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 511 (E.D. Va. 2009); *see Beastie Boys v. Monster Energy Co.*, 87 F. Supp. 3d 672, 679 (S.D. N.Y. 2015) (finding that permanent injunction related to an infringing video would not disserve the public interest). Thus, "there is a substantial public interest in preserving a copyright holder's exclusive rights and no public interest will be disserved by enjoining Defendant from continuing this activity." *UMG Recordings, Inc. v. Blake*, No. 06-00120-BR, 2007 WL 1853956, at *3 (E.D. N.C. June 26, 2007). Accordingly, the foregoing factors make a permanent injunction against Defendant appropriate and warranted.

### c) Destruction of Defendant's Infringing Copies

Section 503(b) of the Copyright Act provides that "[a]s part of a final judgment or decree, the court may order the destruction or other reasonable

disposition of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights[.]" 17 U.S.C. § 503(b).

As a further extension of Plaintiff's request for equitable relief and pursuant to Section 503(b), Plaintiff asks the Court to include in its order an instruction to Defendant to destroy all infringing copies of Plaintiff's Works. Destroying the recordings that were obtained without authorization will ensure that Defendant is unable to distribute them via BitTorrent or any other online system. The Court should therefore include this destruction instruction as part of the injunction requested by Plaintiff.

### d) Attorney's Fees

Despite it being expressly allowed under the Copyright Act, Plaintiff is not seeking its attorney fees in this case.

### e) Costs

Similarly, despite it being expressly allowed under the Copyright Act, Plaintiff is not seeking its costs in this case.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter a default judgment in favor of Plaintiff and against Defendant, in the form of the Proposed Default Judgment and Permanent Injunction attached hereto.

Dated: October 10, 2024    Respectfully submitted,

By: /s/ *Richard A. Rice, Jr.*
Richard A. Rice, Jr., Esq.
GA Bar No. 603203
The Rice Law Firm, LLC
3151 Maple Drive, NE
Atlanta, GA 30305
Tel.: (404) 835-0783
Fax: (404) 481-3057
E-mail: richard.rice@trlfirm.com
*Counsel for Plaintiff*

By: /s/ *Jeremy J. Thompson*
Jeremy J. Thompson, Esq.
The Law Offices of Jeremy J. Thompson, PLLC
5200 Willson Road, Suite 150
Edina, MN 55424
Tel: 952-952-1883
Fax: 952-952-1884
E-mail: Jeremy @thompson.law
*Counsel for Plaintiff*
*Admitted Pro Hac Vice*