IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>    Plaintiff,<br><br>                          v.<br><br>JOHN DOE subscriber assigned IP address 71.59.3.125,<br>    Defendant. | **Consolidated Case No.<br>1:23-cv-02096-SDG** |
| Hannibal Alexander,<br>    Defendant. | 1:23-cv-03062-SDG |

**OPINION, ORDER, AND PERMANENT INJUNCTION**

This matter is before the Court on Plaintiff Strike 3 Holdings, LLC's motion for default judgment against Defendant Hannibal Alexander.[1] Having considered Strike 3's briefing, and after conducting a hearing, the Court **GRANTS** the motion.

I.  **Applicable Legal Standard**

Rule 55 governs default judgments. When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Default judgments are generally entered by the court. Fed. R. Civ. P. 55(b)(2).

There is a strong policy in this circuit to decide cases on their merits, rather than through default. *Worldstar Commc'ns Corp. v. Feltman (In re Worldwide Web*

---

[1]  Consolidated Case, ECF 252; Case 3062, ECF 15.

*Sys., Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003) (stating that the federal rules have a "strong policy of determining cases on their merits" and defaults are disfavored); *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 481 (11th Cir. 2015) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)) ("Entry of judgment by default is a drastic remedy which should be used only in extreme situations."). But when a defendant has entirely failed to appear or defend against a well-pleaded complaint, entry of a default judgment may be appropriate. *Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (indicating that the entry of a default judgment for a plaintiff is warranted only if there is "a sufficient basis in the pleadings for the judgment entered").[2]

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pled factual allegations contained in the complaint. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citations and punctuation omitted). But a defendant in default does not admit allegations relating to the amount of damages. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1365.

## II.   Discussion

Plaintiff Strike 3 Holdings, LLC owns a substantial library of "award-winning, critically acclaimed" adult films and holds valid copyrights in these

---

[2]   *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209–10 (11th Cir. 1981) (adopting as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981).

works.³ Apparently as a result, the films are often pirated. Because Strike 3 only has the IP addresses of those allegedly infringing on its rights when it files suit, each Defendant is initially named as a John Doe IP address. Strike 3 then seeks discovery from the internet service providers to determine the names and addresses associated with the IP addresses.⁴ Once it has the identifying information, Strike 3 files an amended complaint and serves the Defendant in each case. The Court, however, permits Defendants' identifying information to remain under provisional seal for a period of time after service so that they have the opportunity to protect their own privacy interests. If a Defendant does not seek a protective order, the Court dissolves the provisional sealing.⁵ Here, Alexander did not seek such an order.

On November 15, 2023, Strike 3 filed an amended complaint against Alexander.⁶ The pleading alleges that Alexander infringed on Strike 3's copyrighted works 115 times.⁷ Each of the Works is identified in an attachment to

---

³   Case 3062, ECF 12 (First Am. Compl.).
⁴   *See generally* Consolidated Case, ECF 10.
⁵   Case 3062, ECF 9.
⁶   *See generally id.*, ECF 10.
⁷   *Id.*, ECF 12, ¶ 4; ECF 15-3.

the amended complaint by its unique File Hash identifier, along with Strike 3's registration number for that Work.[8]

Alexander was personally served on January 5, 2024, at his home in Marietta, Georgia.[9] Accordingly, his response to the complaint was due by January 26. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Alexander has failed to appear or otherwise respond to this action. On May 20, Strike 3 sought a clerk's entry of default, which was granted the next day.[10] By virtue of that default, Alexander concedes that he infringed on Strike 3's copyrights on 115 movies. Strike 3 seeks injunctive relief and statutory damages under 17 U.S.C. § 504(a).[11]

When a plaintiff seeks damages that are capable of being made certain by computation, the Court need not hold an evidentiary hearing before making a damages award. Fed. R. Civ. P. 55(b). *See also Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (cleaned up) ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.").

---

[8] ECF 15-3. A copy of the chart identifying each Work that Alexander illegally downloaded and Strike 3's copyright registration number for that Work is attached hereto as Exhibit A.

[9] *Id.*, ECFs 11, 13. Strike 3's motion for default judgment incorrectly identifies Alexander's residence. *Id.*, ECF 15-1, at 4.

[10] *Id.*, ECF 14; *id.*, May 21, 2024 D.E.

[11] *Id.*, ECF 12, at 16–17.

However, given the extent of the relief Strike 3 seeks, the Court set a hearing on the motion for default judgment and provided notice to Alexander. Alexander failed to appear at the hearing.[12]

Strike 3 asks for the minimum statutory damages available under § 504, a total of $86,250.[13] Since Alexander infringed on 115 separate works and the minimum statutory damages are $750 per work, the Court agrees that Strike 3 is entitled to an award of $86,250. 17 U.S.C. § 504(a) ("[A]n infringer of copyright is liable for either—(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages . . . ."); *id.* § 504(c) (reflecting that statutory damages are not less than $750 nor more than $30,000 per work).

Given the nature and extent of Alexander's conduct (illegally downloading over one hundred of Strike 3's works and distributing them through BitTorrent) and his failure to respond to the allegations against him, the Court also finds that injunctive relief is appropriate. 17 U.S.C. § 502(a) (The Court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."); *id.* § 503 ("[A]s part of a final judgment or decree,

---

[12]   Although counsel of record is reflected on the docket for Alexander, as Strike 3's counsel explained during the hearing, defense counsel apparently entered his appearance in the incorrect case.

[13]   *Id.*, ECF 15, at 12.

the court may order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights . . . ."). To obtain a permanent injunction, Strike 3 must show that (1) it has suffered an irreparable injury; (2) its remedies at law are inadequate; (3) the balance of hardships weighs in its favor; and (4) a permanent injunction would not disservice the public interest. *Barrett v. Walker Cnty. Sch. Dist.*, 872 F.3d 1209, 1229 (11th Cir. 2017) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Strike 3 has satisfied those criteria and there is no reason to believe Alexander will stop his infringing conduct absent a permanent injunction.

## III. Conclusion

Strike 3's motion for default judgment [Consolidated Case, ECF 252; 3062 Case 15] is **GRANTED**. The Clerk is **ORDERED** to enter final judgment in Strike 3's favor in the amount of $86,250, plus post-judgment interest. The Court, having held Defendant Hannibal Alexander liable for willfully committing copyright infringement, **FURTHER ORDERS THAT**:

1. Alexander is **HEREBY ENJOINED** from directly, contributorily, or indirectly infringing Strike 3's rights under federal or state law in the Works,[14] including, without limitation, by using the internet, BitTorrent, or any other online

---

[14] The Works are those identified on Exhibit A to this Order by their unique File Hash identifiers.

media distribution system to reproduce (*e.g.*, download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of Strike 3.

2. Alexander is **HEREBY ORDERED** to destroy all copies of the Works that he has downloaded onto any computer hard drive or server without Strike 3's authorization and to destroy all copies of the Works transferred onto any physical medium or device in his possession, custody, or control.

Pursuant to Fed. R. Civ. P. 65(d), this Order and Permanent Injunction are binding on Alexander and all other persons working in active concert or participation with him who receive actual notice of this Order and Permanent Injunction.

The Court retains jurisdiction over this action to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of the Permanent Injunction.

The Clerk is further **INSTRUCTED** to enter this Order in both the Consolidated Case and Case 3062.

**SO ORDERED** this 17th day of March, 2025.

_____
Steven D. Grimberg
United States District Judge