IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>    Plaintiff,<br>                v.<br>JOHN DOE subscriber assigned IP address 71.59.3.125,<br>    Defendant. | **Consolidated Case No.**<br>**1:23-cv-02096-SDG** |
| STRIKE 3 HOLDINGS, LLC,<br>    Plaintiff,<br>                v.<br>KADEEM FORBES,<br>    Defendant. | Civil Case No.<br>1:23-cv-05873-SDG |

**OPINION, ORDER, AND PERMANENT INJUNCTION**

This matter is before the Court on Plaintiff Strike 3 Holdings LLC's motion for default judgment against Defendant Kadeem Forbes.[1] Having considered Strike 3's briefing, and after conducting a hearing, the Court **GRANTS** the motion.

**I.    Applicable Legal Standard**

Rule 55 governs default judgments. When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Default judgments are generally entered by the court. Fed. R. Civ. P. 55(b)(2).

---

[1] Consolidated Case, ECF 307. The Clerk is **DIRECTED** to docket the motion in Case 5873.

There is a strong policy in this circuit to decide cases on their merits, rather than through default. *Worldstar Commc'ns Corp. v. Feltman (In re Worldwide Web Sys., Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003) (stating that the federal rules have a "strong policy of determining cases on their merits" and defaults are disfavored); *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 481 (11th Cir. 2015) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)) ("Entry of judgment by default is a drastic remedy which should be used only in extreme situations."). But when a defendant has entirely failed to appear or defend against a well-pleaded complaint, entry of a default judgment may be appropriate. *Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (indicating that the entry of a default judgment for a plaintiff is warranted only if there is "a sufficient basis in the pleadings for the judgment entered").[2]

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pled factual allegations contained in the complaint. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citations and punctuation omitted). But a defendant in default does not admit allegations relating to the amount of damages. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1365.

---

[2] *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209–10 (11th Cir. 1981) (adopting as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981).

**II.     Discussion**

Plaintiff Strike 3 Holdings, LLC owns a substantial library of "award-winning, critically acclaimed" adult films and holds valid copyrights in these works.[3] Apparently as a result, the films are often pirated. Because Strike 3 only has the IP addresses of those allegedly infringing on its rights when it files suit, each Defendant is initially named as a John Doe IP address. Strike 3 then seeks discovery from the internet service providers to determine the names and addresses associated with the IP addresses.[4] Once it has the identifying information, Strike 3 files an amended complaint and serves the Defendant in each case. The Court, however, permits Defendants' identifying information to remain under provisional seal for a period of time after service so that they have the opportunity to protect their own privacy interests. If a Defendant does not seek a protective order, the Court dissolves the provisional sealing.[5] Here, Forbes did not seek such an order.

On April 24, 2024, Strike 3 filed an amended complaint against Forbes.[6] The pleading alleges that Forbes infringed on Strike 3's copyrighted works 35 times.[7]

---

[3]   Case 5873, ECF 6 (First Amended Complaint).

[4]   *See generally* Consolidated Case, ECF 10.

[5]   Case 5873, ECF 8.

[6]   *Id.*, ECFs 5, 6.

[7]   *Id.*, ECF 6, ¶ 4.

Each of the Works is identified in an attachment to the amended complaint by its unique File Hash identifier, along with Strike 3's registration number for that Work.[8]

Forbes was personally served on May 16, 2024, at his home in Kennesaw, Georgia.[9] Accordingly, his response to the complaint was due by June 6. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Forbes has failed to appear or otherwise respond to this action. On August 26, Strike 3 sought a clerk's entry of default, which was granted the following day.[10] By virtue of that default, Forbes concedes that he infringed on Strike 3's copyrights on 35 movies. Strike 3 seeks injunctive relief and statutory damages under 17 U.S.C. § 504(a).[11]

When a plaintiff seeks damages that are capable of being made certain by computation, the Court need not hold an evidentiary hearing before making a damages award. Fed. R. Civ. P. 55(b). *See also Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (cleaned up) ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing

---

[8]  *Id.*, ECF 6-1. A copy of the chart identifying each Work that Forbes illegally downloaded and Strike 3's copyright registration number for that Work is attached hereto as Exhibit A.

[9]  *Id.*, ECFs 9, 10. Strike 3's motion for default judgment incorrectly identifies Forbes's address as being in Virginia. Consolidated Case, ECF 307-1, at 4–5.

[10]  Case 5873, ECF 11; *id.*, Aug. 27, 2024 D.E.

[11]  Consolidated Case, ECF 307.

or a demonstration by detailed affidavits establishing the necessary facts."). However, given the extent of the relief Strike 3 seeks, the Court set a hearing on the motion for default judgment and provided notice to Forbes. Forbes failed to appear at the hearing.

Strike 3 asks for the minimum statutory damages available under § 504, a total of $26,250.[12] Since Forbes infringed on 35 separate works and the minimum statutory damages are $750 per work, the Court agrees that Strike 3 is entitled to an award of $26,250. 17 U.S.C. § 504(a) ("[A]n infringer of copyright is liable for either—(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages . . . ."); *id.* § 504(c) (reflecting that statutory damages are not less than $750 nor more than $30,000 per work).

Given the nature and extent of Forbes's conduct (illegally downloading 35 of Strike 3's works and distributing them through BitTorrent) and his failure to respond to the allegations against him, the Court also finds that injunctive relief is appropriate. 17 U.S.C. § 502(a) (The Court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."); *id.* § 503 ("[A]s part of a final judgment or decree, the court may order

---

[12] *Id.* at 12.

the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights . . . ."). To obtain a permanent injunction, Strike 3 must show that (1) it has suffered an irreparable injury; (2) its remedies at law are inadequate; (3) the balance of hardships weighs in its favor; and (4) a permanent injunction would not disservice the public interest. *Barrett v. Walker Cnty. Sch. Dist.*, 872 F.3d 1209, 1229 (11th Cir. 2017) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). Strike 3 has satisfied those criteria and there is no reason to believe Forbes will stop his infringing conduct absent a permanent injunction.

### III.   Conclusion

Strike 3's motion for default judgment [Consolidated Case, ECF 307] is **GRANTED**. The Clerk is **ORDERED** to enter final judgment in Strike 3's favor in the amount of $26,250, plus post-judgment interest. The Clerk is **FURTHER ORDERED** to unseal ECF 9 in the 5873 Case, to docket ECF 307 from the Consolidated Case into the 5873 Case, and to enter this Order in both the Consolidated Case and 5873 Case.

The Court, having held Defendant Kadeem Forbes liable for willfully committing copyright infringement, **FURTHER ORDERS THAT**:

1.  Forbes is **HEREBY ENJOINED** from directly, contributorily, or indirectly infringing Strike 3's rights under federal or state law in the Works,[13] including, without limitation, by using the internet, BitTorrent, or any other online media distribution system to reproduce (*e.g.*, download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of Strike 3.

2.  Forbes is **HEREBY ORDERED** to destroy all copies of the Works that he has downloaded onto any computer hard drive or server without Strike 3's authorization and to destroy all copies of the Works transferred onto any physical medium or device in his possession, custody, or control.

Pursuant to Fed. R. Civ. P. 65(d), this Order and Permanent Injunction are binding on Forbes and all other persons working in active concert or participation with him who receive actual notice of this Order and Permanent Injunction.

---

[13] The Works are those identified on Exhibit A to this Order by their unique File Hash identifiers.

The Court retains jurisdiction over this action to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of the Permanent Injunction.

**SO ORDERED** this 18th day of March, 2025.

Steven D. Grimberg
United States District Judge